IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-03098-NYW-KAS

MARK C. BEACHLEY,

     Plaintiff,

v.

TRANS UNION, LLC,

     Defendant.

_____

**ORDER ON DEFENDANT'S AMENDED MOTION FOR FEES AND COSTS [#131]**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Defendant Trans Union LLC's Amended Motion for Fees and Costs [#131], the Amended Declaration of Amanda Loughmiller [#128-2], and Billing Records [#128-3][1]. On February 28, 2025, the Court ordered Defendant to file a Motion for Fees and Costs, following the Court's Recommendation to dismiss Plaintiff's claims and Order imposing a fees and costs award as a sanction for Plaintiff's conduct. *See Order and Recommendation* [#116] at 51; *see also Order* [#118] at 3. Plaintiff did not respond to the Motion, even though it was mailed to two addresses on file for him. *See Motion* [#131] at 167. Because the Court already determined that a fee award is appropriate, this Order addresses the reasonableness of fees[2].

Defendant Trans Union seeks $74,334.00 in attorneys' fees as a sanction for Plaintiff's conduct. First, the Court must determine the reasonableness of the fee request.

_____

[1] The Declaration was refiled at [#141].

[2] Costs in the amount of $5,315.95 were separately taxed by the Clerk of Court. *See Costs Taxed by the Clerk* [#137].

To do so, the Court conducts a lodestar calculation. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This calculation consists of multiplying a reasonable hourly billing rate by the number of hours expended, both of which are reviewed by the Court to ensure that proper billing judgment was exercised. *Reg'l Dist. Council v. Mile High Rodbusters, Inc.*, 82 F. Supp. 3d 1235, 1245 (D. Colo. 2015). The lodestar number may then be adjusted "upward or downward to account for the particularities" of the completed work. *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997).

"In determining what is a reasonable time in which to perform a given task, an attorney submitting billing entries should consider the following factors: (1) the complexity of the case; (2) the number of reasonable strategies pursued; (3) the responses necessitated by the maneuvering of the other side; and (4) the potential duplication of services caused by the presence of multiple attorneys when one would suffice." *Reg'l Dist. Council*, 82 F. Supp. 3d. at 1246 (citation and quotation marks omitted). Importantly, attorneys must in good faith exclude time that is unnecessary, redundant, or excessive. *Hensley*, 461 U.S. at 434. The party requesting fees has the burden of proof that its attorney exercised proper billing judgment. *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998) ("Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks.").

Defendant's $74,334.00 fee request is based on Attorney Amanda Loughmiller's hourly rate of $249, as a shareholder at Quilling Selander Lownds Winslett & Moser PC, in Plano, Texas; $237 for her associate; $221 for her paralegal; and $249 for local

counsel, Benton Barton[3], a partner at Hall & Evans. *A. Loughmiller Decl.* [#128-2] ¶ 8. D.C.COLO.LCivR 54.3(b)(1) requires a motion seeking fees to include "for each person for whom fees are claimed: (1) a summary of relevant qualifications and experience[.]" Attorney Loughmiller graduated from law school in 2000 and has represented Defendant Trans Union for over a decade in hundreds of cases across the country. *Id*. ¶ 3. The Motion, however, provides no information about the qualifications and experience of Attorney Loughmiller's associate and paralegal or of local counsel from which the Court could decide whether the hourly rate charged for those professionals is reasonable. Information on Hall & Evans' website reveals that Mr. Barton graduated from law school in 1992 and has over thirty years' experience as a trial lawyer, mediator, and arbitrator. *See https://www.hallevans.com/team/benton-j-barton/* (last visited Mar. 17, 2026).

"Where a district court does not have before it adequate evidence of prevailing market rates, the court may use other relevant factors, including its own knowledge, to establish the rate." *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002) (citation omitted). Based on the undersigned's own prior experience as a litigator and current experience as a judge who has adjudicated various fee motions, the undersigned finds that the hourly rates of $249 for partners, $237 for associates, and $221 for paralegals are eminently reasonable for the tasks performed in 2024 and 2025.

D.C.COLO.LCivR 54.3(b)(2) requires "a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed." With respect to the number of hours billed, the Court does not "apportion the fee award mechanically"; in other words, the Court does not examine each claimed

---

[3] *See Courtroom Minutes* [#110] for hearing on Defendant's sanctions motion, which lists local counsel Benton Barton.

expense and determine whether each one is reasonable. *Hensley*, 461 U.S. at 438.
"Billing judgment consists of winnowing the hours actually expended down to the hours
reasonably expended." *Case*, 157 F.3d at 1250. "Hours that an attorney would not
properly bill his or her client cannot reasonably be billed to the adverse party, making
certain time presumptively unreasonable." *Id*. (citations omitted). Here, the requested fees
arise from time expended on significant amounts of third-party discovery to discern the
basis of Plaintiff's fabricated damages, including purported damages from Plaintiff's
inability to rent certain apartment units and to obtain and maintain employment
purportedly due to a negative line-item in his credit history. The requested fees also arise
from significant time spent briefing the successful Motion for Sanctions [#92] and
preparing for and presenting evidence at the January 21, 2025 evidentiary hearing. Upon
review of the submitted billing records and billing summaries, the Court finds that the time
spent on these tasks was reasonable and that there was no duplicative billing.

Nevertheless, the Court finds that a slight discount is necessary to deduct fees
incurred for work that was not exclusively necessitated by Plaintiff's sanctionable conduct.
*See Order and Recommendation* [#116] at 51 (allowing reimbursement of fees
"stem[ming] from Plaintiff's sanctionable conduct."). Specifically, Defendant seeks
approximately $8,160 for preparing to take and taking Plaintiff's deposition, reviewing
Plaintiff's document production and discovery responses, fact gathering regarding a
dismissed co-defendant, conferring with Plaintiff's counsel about the disconnect between
discovery and Plaintiff's claims, and preparing for a settlement conference. *See Motion*
[#131] at 9-12, 21, 24-25, 60, 66, 68, 74-75, 78, 80-81, 83-86, 88. While discovery
regarding Plaintiff's damages may have comprised a significant portion of discovery and

4

Plaintiff's asserted damages may have been the primary impetus for the parties' requested settlement conference, Plaintiff's damages was not the exclusive driver of discovery and settlement discussions. Therefore, the Court will apply a 30 percent discount to $8,160, which is a discount of $2,448. A deduction of $2,448 from the requested fees of $74,334 yields $71,886.

Accordingly, IT IS HEREBY **ORDERED** that Defendant's amended Motion for Fees and Costs [#131] is **granted**.

IT IS FURTHER **ORDERED** that Plaintiff is sanctioned in the amount of $71,886,[4] to be paid to counsel to Defendant Trans Union as a reasonable award for Plaintiff's sanctionable conduct; namely, Plaintiff's fabrication of evidence in support of his claimed damages.

Dated: March 17, 2026                    BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge

---

[4] This amount is in addition to the $5,315.95 in costs taxed by the Clerk of Court.